## Thomas Cordis *et al.* vs. Henry Sager *et als.*

By the act of 1831, *ch.* 520, *sec.* 12, where the debtor is arrested on mesne process, carried before two Justices of the Peace and of the Quorum, and by them ordered to be imprisoned, because he is not entitled to a discharge from arrest, the *mittimus,* under the hands and seals of the Justices, is competent evidence to prove the facts therein stated.

If such *mittimus* show a regular course of proceedings on the part of the magistrates, it is a sufficient authority to the officer and to the prison keeper to detain such debtor; and a bond in the usual form, given to obtain his discharge, is good.

The obligors in such bond are estopped to deny the facts therein stated.

Where the name of the County is written by the Justices in the margin of the *mittimus,* and it is directed by them to an officer of the same County, they must be considered as magistrates of that County, in the absence of all opposing proof.

This was an action of debt on a bond, dated *Jan.* 19, 1835, made by *Sager,* as principal, and the other defendants, as his sureties, to the plaintiffs. On the 17th of the same *January, Sager* was arrested on a writ against him in favor of the plaintiffs, and taken by the officer before two Justices of the Peace and of the Quorum; and the officer returned, that after a hearing of the parties, the Justices ordered *Sager* to be committed, and that on the *mittimus,* "he let him to bail" and took a bond which he returned with the writ. The bond thus returned is the one in suit. It did not appear, that the Justices made any adjudication, or order, in relation to the examination before them, or of the disclosure of the debtor, unless the *mittimus* is evidence thereof. The other facts in the case, sufficiently appear in the opinion of the Court. If the action could be maintained, the Court was to determine the amount of damages.

*Wells,* for the defendants, contended, that as this bond was given under the *st.* of 1831, *c.* 520, § 12, there must be an adjudication by the Justices, that the debtor had property, in the manner provided in the statute, before they could legally issue the *mittimus.* The *mittimus* is equally void without an adjudication, as an execution without a judgment. 1 *Chitty on Pl.* 184; 3 *Stark. Ev.* 1447; *Hildreth* v. *Thompson,* 16 *Mass. R.* 191; *Winslow* v. *Hathaway,* 1 *Pick.* 210. The detention of *Sager,* therefore, on the

*mittimus*, was unlawful, and the bond, being given to procure his discharge, is void for *duress*. *Crowell* v. *Gleason*, 1 *Fairf*. 325 ; *Chase* v. *Dwinal*, 7 *Greenl.* 134 ; *Watkins* v. *Baird*, 6 *Mass. R.* 506 ; *Kavanagh* v. *Saunders*, 8 *Greenl.* 426 ; 4 *Cruise's Dig.* 406 ; *Worcester* v. *Eaton*, 13 *Mass. R.* 371.

The proceedings do not show, that the Justices resided in the county where the arrest was made, as required by the statute.

Nothing is to be presumed in favor of the jurisdiction of inferior magistrates, and nothing appears on the papers showing it. *Smith* v. *Rice*, 11 *Mass. R.* 507 ; *Libby* v. *Main*, 2 *Fairf.* 344.

The recitals in the bond cannot estop the defendants, because the bond is void for *duress*.

*S. W. Robinson*, for the plaintiffs, argued, that the statute did not contemplate, that the Justices should keep a record of their doings, but should annex their result to the writ. The *mittimus* annexed is sufficient evidence of their proceedings. But the case merely shows, that no record was produced, and it was the duty of the defendants to do it, or to show there was none. If the *mittimus* was legal, then the bond is legal. The bond recites all the facts, which can be necessary in a record ; and the defendants are estopped to deny any facts stated therein. *Cutler* v. *Dickinson*, 8 *Pick.* 386 ; *Steele* v. *Adams*, 1 *Greenl.* 1 ; *Milliken* v. *Coombs*, *ib.* 343 ; *Bean* v. *Parker*, 17 *Mass. R.* 591 ; *Cady* v. *Eggleston*, 11 *Mass. R.* 282.

The *mittimus* shows, that the Justices resided in the county where the arrest was made. There has been a breach of the bond by a neglect to cite in the creditor, and take the oath.

The opinion of the Court, after a continuance, was prepared by

WESTON C. J. — The Justices of the Peace and of the Quorum, who signed the mittimus, must be taken to be such for the county of *Washington*, which is written in the margin, and to the sheriff of which county, or his deputy, it is directed.

By the *statute* of 1831, *c.* 520, $ 12, they are constituted a court, and clothed with jurisdiction of the subject matter, in regard to which they undertook to act, as set forth in the mittimus. The very object of a mittimus is, to state the cause of detention and commitment, and the proceedings upon which it is based, that it

may appear therefrom, whether such detention and commitment is lawful.   It is a sufficient authority to the sheriff and to the prison keeper ; and is competent evidence upon a writ of *habeas corpus*.

Being under the hands and seals of the magistrates, in the lawful exercise of their jurisdiction, it is evidence, that *Sager*, the principal, was duly brought before them under the statute.   That they adjudged, upon his disclosure, that he was possessed of property, or other means of payment, as was supposed by the oath of the creditors.   That he refused to surrender it, so that it might be taken upon the writ ; and that they thereupon ordered him into the custody of the sheriff, to be committed to the common gaol, until discharged by the creditors, or by order of law.   The question raised is, whether he was lawfully in custody.   We cannot doubt, that upon this point the warrant or *mittimus* is proper evidence ;   and it fully proves a regular course of proceeding on the part of the magistrates.

The same facts are also proved by the recitals in the bond, which the defendants, who executed it, are estopped to deny, unless it was obtained by duress, which does not appear.   On the other hand, by the officer's return on the writ, to which the bond was annexed, it does appear, that it was lawfully taken under the statute, for the enlargement of the principal.   It is not pretended, that the condition of the bond has been fulfilled.   The default is to stand.   Judgment is to be entered for the plaintiffs for the penalty of the bond ; and they are to have execution, for the amount of their former judgment against the principal, with interest ; and for their costs.